CHARLES A. HORNE *vs.* LUCIANO VANNI & another. September 13, 1973. This is an action of contract in which the plaintiff seeks to recover on either of two counts, the first on an express contract and the second in quantum meruit, for a real estate broker's commission on the sale of certain real property. The District Court found for the defendants upon rulings based upon findings of fact. The Appellate Division dismissed the report. On appeal to the Supreme Judicial Court from the decision and order of the Appellate Division, the case was transferred to us under G. L. c. 211A, § 12. While it brings several specific issues before us, central to all of them is whether or not the plaintiff produced a buyer ready, willing and able to purchase on the defendant's terms. The findings of the District Court include the following: "the plaintiff did not find a customer who was able, ready and willing to purchase on the defendant's terms. I find that [the] prospective customer was willing, but not *able* to financially complete the transaction. The transaction, as indicated previously, was conditioned on obtaining a mortgage, which the plaintiff tried to obtain but could not. . . . I find it was an obligation which the plaintiff *assumed* as part of his employment . . . ." Our review of the evidence before us leads us to concur with the judge below. While it

could have been found that the plaintiff produced the party who eventually did purchase the defendant's property, it could also have been found that the relationship between the plaintiff and the defendant was terminated as a result of the plaintiff's failure to secure financing for the potential buyer according to the brokerage agreement. We agree that the second broker employed, who did secure the financing, was the effective cause of the sale and thus was the only one entitled to the brokerage commission. *Delaney* v. *Doyle,* 267 Mass. 171, 176-177 (1929).

*Order dismissing report affirmed.*

*Leon M. Fox* for the plaintiff.
*Gerald L. Nissenbaum* for the defendants.

*Order dismissing report affirmed.*